NMOTION, INC., an Oregon corporation, Plaintiff— Appellant,

v.

ENVIRONMENTAL TECTONICS CORPORATION, a Pennsylvania corporation; ETC–PZL Aerospace Industries Sp. Zo.O, a Polish corporation, Defendants—Appellees.

No. 03–35982.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2005.

Decided Aug. 4, 2005.

———

Michael M. Ratoza, Esq., Laura Caldera Taylor, Garvey Schubert & Barer, Portland, OR, for Plaintiff–Appellant.

David W. Axelrod, Esq., Joshua P. Stump, Esq., Schwabe Williamson & Wyatt, Portland, OR, Cliff G. Russell, Esq., Southampton, PA, for Defendants–Appellees.

Before: GOODWIN and CLIFTON, Circuit Judges, and RHOADES,* District Judge.

## MEMORANDUM **

Plaintiff nMotion, Inc. appeals the district court's summary judgment in favor of Environmental Tectonics Corp. and its sister company ETC–PZL Aerospace Industries, SP (together "ETC") on its breach of contract and unfair competition claims. Because the facts and circumstances of this case are well-known to the parties, we need not recite them here. In short, nMotion alleges that ETC stole its idea to acquire flight simulation game software and use it to enhance its existing flight simulation software and create new themed entertainment products.

We first address nMotion's two breach of contract claims. During the course of business meetings between ETC and nMotion, ETC signed two non-disclosure agreements at nMotion's request. The non-disclosure agreements prohibited ETC from disclosing or using "Confidential Information" conveyed by nMotion.

■ nMotion contends that ETC breached the non-disclosure agreements because it used "Confidential Information" when it decided to pursue nMotion's ideas in the flight simulator arena. ETC responds that any information it used was publicly disclosed in nMotion's business proposal, and was therefore not subject to the requirements of the non-disclosure agreements. We agree.

nMotion fails to identify any specific "Confidential Information" it disclosed to ETC which was not also disclosed in its business proposal, and which would therefore be subject to the terms of the non-disclosure agreements. While it is certainly plausible that some Confidential Information was exchanged during the course of the meetings between nMotion and ETC, nMotion has failed to set forth specific facts to support such an assertion. This failure is fatal to its breach of contract theory, and summary judgment in favor of ETC was therefore proper on nMotion's two breach of contract claims.

■ With respect to its unfair competition claim, nMotion contends that the district court erred by finding that corporate

---

* The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

morality principles set forth in *Kamin v. Kuhnau,* 232 Or. 139, 374 P.2d 912 (1962), on which nMotion's unfair competition claim is premised, are obsolete. Without passing on the viability, if any, of Oregon's corporate morality doctrine following the adoption of the Oregon Uniform Trade Secrets Act, we hold that it is inapplicable here. The corporate morality doctrine may impose duties on and imply agreements between parties to a business relationship, but we decline to invoke it here, where the parties have defined their relationship by contract. *See Kamin v. Kuhnau,* 232 Or. 139, 374 P.2d 912, 919 (1962) (corporate morality doctrine is a proxy for the intention of the parties). Summary judgment was therefore proper on nMotion's unfair competition claim.

AFFIRMED.